## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JOE ANTHONY GUERRA**            **CIVIL ACTION NO: 1:23-cv-1276**
**AND MELISSA VIRGEN SANCHEZ**

**VERSUS**                          **JUDGE:**

**GENERAL MOTORS, LLC**        **MAG. JUDGE:**

---

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, JOE ANTHONY GUERRA and MELISSA VIRGEN SANCHEZ (hereinafter "GUERRA" and/or "PLAINTIFFS"), persons of the age of majority who reside in Sutton County and are citizens of the State of Texas, who allege the following against **GENERAL MOTORS, LLC** (hereinafter "GM" and/or "DEFENDANT"):

### INTRODUCTION

1.     Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), *Chapter 15 U.S.C.A § 2301*, *et. seq.*, breach of implied warranty of merchantability pursuant to the *Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code § 2.314*.

### JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiffs claim more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367*.

3.      This Court has personal jurisdiction over Defendant who conducts business in the State of Texas, including the Western District of Texas.

4.      Venue is proper in this district under *28 U.S.C. §1391* because the Defendant is a citizen and resident of the Western District of Texas.

## PARTIES

5.      Plaintiffs are adult individuals residing in Sonora, Texas.

6.      Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a foreign corporation, with its principal place of business in Michigan that is qualified to do and regularly conducting business in the State of Texas, with its registered and principal place of business in the State of Texas located at 13201 McAllen Pass, Austin, Texas 78753.

7.      Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiffs purchased the Vehicle and tendered the Vehicle for repairs.

## FACTUAL ALLEGATIONS

8.      On or about December 12, 2020, Plaintiffs purchased a 2021 Sierra 1500 from Mitchell Automotive GMC located at 4105 Sherwood Highway, San Angelo, TX 76901 bearing the Vehicle Identification Number 3GTU9DET6MG114989 (hereinafter the "Vehicle").

9.      At all times relevant hereto, the subject vehicle was registered in the State of Texas.

10.     The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $55,223.39.

11.     In consideration for the purchase of said vehicle, Defendant issued to the Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

12.     The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

13.     The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

14.     The subject is afflicted with certain defects, conditions and non-conformities related to the Vehicle's engine, transmission and electrical system. In connection with those substantial non-conformities, Plaintiffs presented the vehicle for repair.

15.     Plaintiffs delivered the Vehicle to Defendant's authorized service and repair facility, Mitchell Buick GMC ("Service Facility") located at 4105 Sherwood Way, San Angelo, TX 76901, to remedy these concerns from October 21, 2022 through March 14, 2023, which are covered by the warranty issued by Defendant, on several occasions and as a result of these defects/non-conformities, the Vehicle was out of service for an excessive number of days.

16.     Upon information and belief therein, the aforementioned defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship and present reliability and safety concerns for the Plaintiffs with regards to the Vehicle.

17.    Upon information and belief, the vehicle remains in a defective and/or unreliable state and is substantially impaired.

## CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, *15 U.S.C. § 2301, et seq. and Tex. Bus. & Com. Code § 2.314***

18.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    Plaintiffs are "consumers" as defined in *15 U.S.C. § 2301(3)*.

20.    Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

21.    The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

22.    The Vehicle was subject to implied warranties of merchantability, as defined in *15 U.S.C. § 2308 and Texas Bus. & C. § 2.314*, running from the Defendant to the Plaintiffs.

23.    An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

24.    Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiffs purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

25.    Indeed, the Vehicle suffered from engine, transmission and electrical defects that prevented the Plaintiffs from being able to properly use the Vehicle.

26.    The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby

-4-

exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

27.    Plaintiffs notified the Defendant of the defects in the Vehicle within a reasonable time after the Plaintiffs discovered them.

## DAMAGES

28.    As a result of Defendant's breach of the implied warranty of merchantability, the Plaintiffs seek all damages, including attorney fees and costs, allowed by law pursuant to *15 U.S.C. § 2310(d)(1)(2), Tex. Bus. & Com. Code Ann. § 2.608 (Revocation )Tex. Bus. & Com. Code Ann. § 2.714 (Reduction)* and incidental and consequential damages pursuant to *Tex. Bus. & Com. Code Ann. § 2.715*.

## PRAYER FOR RELIEF

**WHEREFORE, Joe Anthony Guerra and Melissa Virgen Sanchez**, respectfully prays for judgment as follows:

a.    An order approving revocation of acceptance of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b.    Reasonable attorney's fees and costs and the determination of which damages, if allowed by law shall be trebled, in the event that Plaintiffs prevail at a trial on the merits;

c.    As an alternative, if the merits justify same, an award for the difference between the value of the goods as warrantied and the value of the goods as accepted:

d.    Incidental and consequential damages allowed by law; and

e.    Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**Attorney-in-Charge for Plaintiffs,
JOE ANTHONY GUERRA AND
MELISSA VIRGEN SANCHEZ**